BAP No.: NC-14-1030

UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE NINTH CIRCUIT

MONICA HUJAZI,
Appellant,

v.

ANDREA A. WIRUM, CHAPTER 7, TRUSTEE
Appellee

-o0o-

ON APPEAL FROM THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
HONORABLE HANNAH L. BLUMENSTIEL, PRESIDING
Case No.: 11-33749 HLB

-o0o-

# APPELLANTS' OPENING BRIEF

BRADLEY KASS, ESQ. (CBN# 127658)
KASS & KASS LAW OFFICES
520 S. El Camino Real, Ste 810
San Mateo, CA 94402
Phone Number: (650) 579-0612
Fax Number: (650) 579-0760
*kassoffice@sbcglobal.net*
Attorney for Appellant

## TABLE OF CONTENTS

TABLE OF CONTENTS.....................................................................i,ii

TABLE OF AUTHORITIES..............................................................iii

    CASES...................................................................................iii

    STATUTES.............................................................................iii

    I.     STATEMENT OF JURISDICTION..................................1

    II.    STANDARD OF REVIEW................. ............................1

    III.   STATEMENT OF ISSUES...............................................2

    IV.   STATEMENT OF THE CASE.........................................2

    V.    STATEMENT OF FACTS...............................................3

           ARGUMENT
    VI.   THE BANKRUPTCY COURT ERRED IN IT'S
           ANALYSIS THAT THE THE TRUSTEE'S
           DECEMBER 23, 2013,FILING OF A FINAL
           ACCOUNT AND DISTRIBUTION REPORT
           CERTIFICATION THAT THE ESTATE HAS
           BEEN FULLY ADMINISTERED AND
           APPLICATION TO BE DISCHARGED DID NOT
           TRIGGER THE MANDATED THIRTY (30) DAYS
           TO ALLOW FOR ANY OBJECTIONS
           PURSUANT TO FEDERAL RULES OF
           BANKRUPTCY PROCEDURE RULE
           5009(A)...................................................................5

    VII.  NOTWITHSTANDING THE ERRONEOUS
           ENTRY OF THE FINAL DECREE, THE
           BANKRUPTCY COURT COMMITTED
           REVERSIBLE ERROR BY OVERRULING THE
           OBJECTIONS TO THE TRUSTEE'S REPORT
           INCLUDING THE  FEES AND CLAIMS
           APPROVED.........................................................8

VIII.  EVEN IF APPLICANTS WERE ENTITLED TO ANY FEES, THE AWARDED AMOUNT OF TOTAL FEES FOR ATTORNEYS AS BEING $77,092.50 AND TRUSTEE FEES OF FEES OF $55,863.09 ARE UNCONSCIONABLE AND SHOULD NOT BEEN AWARDED; ALSO APPLICANTS HAD FAILED TO MEET THEIR BURDEN OF ESTABLISHING THE REASONABLENESS OF THE REQUESTED FEES AS MANDATED BY 11 USC SEC. 330(A)(1)(A), 11 USC SEC. 330(A)(3)(4) AND REQUIRED BY THE UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS AND TRUSTEES..........................................................16

IX.  CONCLUSION.....................................................22

CERTIFICATION REQUIRED BY BAP RULE 8010(a)-1(b)....23,24

CERTIFICATION OF RELATED CASES.........................................25

PROOF OF SERVICE.....................................................................26

# TABLE OF AUTHORITIES

## CASES

In Re BCE West, O.P. (9th Cir. 2003) 319 F. 3d 1166,1170................1

In Re Retz (9th Cir. 2010) 606 F. 3d 1189,1196....................................2

Unsecured Creditors' Committee v. Puget Sound Plywood, Inc. (9th Cir. 1991) 924 F2d 955.......................................................................18

In Re Strand (9th Cir. 2004) 375 F3d854.......................................19,20

In Re Garcia (9th Cir. BAP 2005) 335 BR717...........................20,21,22

## STATUTES

28 U.S.C. Sec. 158. ..............................................................................1

Federal Rules of Bankruptcy Procedure Rule 5009(a).............2,5,6,7,8

United States Bankruptcy Court, Northern District of California's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees's No. 14.............................................13,16

11 USC 326(a) ..................................................................................12

11 USC Sec. 330(a)(1)(A)..................................................................16

11 USC Sec. 330(a)(3) ......................................................................16

# I.
# STATEMENT OF JURISDICTION

This Bankruptcy Appellate Panel has jurisdiction over the appeal from an issuance of a Final Decree of which such order effects important property rights which without an appeal appellant many suffer irreparable harm. Jurisdiction for such appeal is pursuant to 28 U.S.C. Sec. 158. The Final Decree was entered on December 27, 2013. (Excerpt of Record- hereinafter referred to as "ER"- (ER Vol. 2, tab no. 55 pgs. 788-789)

On January 10, 2014, Appellant timely filed their Notice of Appeal. (ER Vol. 2, tab no. 60 pgs. 823 thru 825)

# II.
# STANDARDS OF REVIEW

In Re BCE West, O.P. (9th Cir. 2003) 319 F. 3d 1166,1170 in proscribing the standards of review on appeal states:

> "We examine the bankruptcy court's conclusions of law de novo and its factual findings for clear error. Carrillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir.2002). Mixed questions of law and fact are reviewed de novo. See id. Decisions of the BAP are reviewed de novo. Id. We also review de novo the bankruptcy court's interpretation of the Bankruptcy Code. Id.; see also Staffer v. Predovich (In re Staffer), 306 F.3d 967, 970-71 (9th Cir.2002)."

A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record. [In Re Retz (9th Cir. 2010) 606 F. 3d 1189,1196]

## III.
## STATEMENT OF ISSUES

1.  Whether the Bankruptcy court erred in issuing a final decree without allowing the mandated thirty days for objections pursuant to Federal Rules of Bankruptcy Procedure Rule 5009(a)?

2.  Did the Bankruptcy court abuse its discretion by allowing the substantial fees and disbursements in totality?

## IV.
## STATEMENT OF THE CASE

The underlying appeal arises from the Final Decree of the United States Bankruptcy Court for the Northern District of California, entered in this case on or about December 27, 2013. ( ER- Vol. 2, tab no. 60 pgs. 823 thru 825)

Interested Party Monica Hujazi has appealed the Final Decree and interim rulings and order leading up to the Final Decree issued by the Honorable Hannah L. Blumenstiel. ( ER- Vol. 2, tab no. 60 pgs. 823 thru 825)

///

<u>V.</u>
## STATEMENT OF FACTS

Appellant Monica Hujazi has appealed as an Interested Party and who was the former principal of the debtor's trustee the Zuercher Trust of 1999 at the time this Voluntary Petition Chapter 13 was misfiled and then amended to a Chapter 7.   (ER Vol. 1, tabs 1,2 pages 1 thru 3) *[Filing attorney Jonathan Fried is no longer eligible to practice law as of July 27, 2014 - state bar records]*

On June 28, 2013,  Appellee Andrea Wirum filed what she labeled as "Trustee's Final Report" (ER Vol. 2, tab 41 pages 490 thru 500)  On July 7, 2013,  Appellee Andrea Wirum filed what she labeled as "Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object" (ER Vol. 2, tab 43 pages 538 thru 543)  Objections to this  Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object were filed  on July 25, 2013 and the standing of the objectioner was questioned by the court during the hearing and responded to that at minimum Monica Hujazi as the beneficiary of the Zuercher Trust would have standing as an Interested Party.  (ER Vol. 2, tab 46 pages 555 thru 560; ER Vol. 2 tab 62 pg. 847 lines 5 thru 10)

The Bankruptcy Court overruled the objections and issued an order entered on August 2, 2013 which adopted the tentative ruling which confirmed the allowance of the fees of professionals including

Trustee's counsel.   (ER Vol. 2, tab 50 pages 768 thru 772; ER Vol. 2, tab 52 page 775-776)

On December 23, 2013, the Trustee filed a Final Account and Distribution Report Certification that the Estate has been fully Administered and Application to be Discharged.   (ER Vol. 2, tab 54, pages 779 thru 787)  Within four (4) days thereafter, on December 27, 2013 the Bankruptcy Court entered a Final Decree closing the  estate and discharging the Trustee.  (ER Vol. 2, tab 55 pages 788-789)

On January 8, 2014, Appellant Monica Hujazi filed an Ex-parte Motion by Monica Hujazi to Reopen Case; and **Corrected** Ex-parte Motion to Set Aside the Final Decree Entered on December 27, 2013.  (ER Vol. 2, tab 58 pages 797 thru 801)   Leading up to this January 8, 2014 Ex-Parte Motion, two other Ex-Parte Motions had been filed January 3, 2013, January 7, 2014, addressing the December 27, 2013 Final Decree.  (ER Vol. 2,  tabs 56 and 57  pages 790 thru 796)

The Bankruptcy Court did not rule on the January 8, 2014 Ex-Parte Application prior to the Notice of Appeal being filed on January 10, 2014.  (ER Vol. 2, tab 58 pages 797 thru 801;  ER Vol. 2, tab 60 pages 823 thru 825)

During this appeal, this Bankruptcy Appellate Panel issued a limited remand order filed April 11, 2014 to have the Ex-Parte Matter addressed.   Thereafter the Bankruptcy Court issued an order entered on April 28, 2014 reopening case to allow the Ex-Parte Motion of

-4-

January 8, 2014 to be heard. (ER Vol. 2, tab 69 pages 895 thru 898;
ER Vol. 2, tab 58 pages 797 thru 801)

On May 5, 2014, the Bankruptcy Court entered an order
Denying Motion to Reopen Chapter 7 Case and Set Aside Final
Decree. (ER Vol. 2, tab 67 pages 888 thru 889)

The May 5, 2014 order references reasons stated on the record.
(ER Vol. 2, tab 67 pages 888 thru 889)   The hearing on the motion
was heard on May 1, 2014. (ER Vol. 2, tab 66 pages 875 thru 887)

## ARGUMENT

### VI.
**THE BANKRUPTCY COURT ERRED IN IT'S
ANALYSIS THAT THE THE TRUSTEE'S
DECEMBER 23, 2013 FILING OF A FINAL
ACCOUNT AND DISTRIBUTION REPORT
CERTIFICATION THAT THE ESTATE HAS BEEN
FULLY ADMINISTERED AND APPLICATION TO
BE DISCHARGED DID NOT TRIGGER THE
MANDATED THIRTY (30) DAYS TO ALLOW FOR
ANY OBJECTIONS PURSUANT TO FEDERAL
RULES OF BANKRUPTCY PROCEDURE RULE
5009(A).**

As previously indicated in this brief, on December
23, 2013, the Trustee filed a Final Account and Distribution Report
Certification that the Estate has been fully Administered and
Application to be Discharged.   (ER Vol. 2, tab 54, pages 779 thru
787)  Within **four (4) days** thereafter, on December 27, 2013 the
Bankruptcy Court entered a Final Decree closing the estate and
discharging the Trustee. (ER Vol. 2, tab 55 pages 788-789)

Federal Rules of Bankruptcy Procedure Rule 5009(a)

in mandating thirty (30) days to allow for any objections states:

> "(a) Cases Under Chapters 7, 12, and 13. If in a chapter 7, chapter 12, or chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered."

It is respectfully asserted that the Final Decree should be set aside to allow the thirty (30) days for any objections by the United States Trustee or a **party in interest i.e. Monica Hujazi** as mandated by Federal Rules of Bankruptcy Procedure Rule 5009(a).

It is respectfully asserted that the purpose of the thirty day time to object F.R.B.P. Rule 5009 (a) is to allow a party to review the report and to decide what objections, if any, should be asserted. In the present case, the mis-filings at the beginning, and the following disputed sale of the commercial property may potentially be part of the objections to a Final Decree being entered. This is in addition, to the other objections such as pay-outs and fees.

The Bankruptcy Court's analysis was that the December 23, 2013 filing was merely a distribution report and that the final report filed before (July 1, 2013) was the only filing that triggered a thirty day window for objections. (ER Vol. 2, tab 66 page 882 line 17 thru pg. 883 line 5; ER vol. 2 tab 43 pgs. 538 thru 543)

It is respectfully asserted that the Bankruptcy court's reasoning as to the effect of the December 23, 2013 filing by the Trustee was erroneous.   The December 23, 2013, filing by the Trustee was entitled "Final Account and Distribution Report Certification that the Estate has been fully Administered and Application to be Discharged" (ER Vol. 2, tab 54, pages 779 thru 787) The title of this document directly follows the language of Federal Rules of Bankruptcy Procedure Rule 5009(a) which would automatically trigger a thirty day period for objections.  In this case, the bankruptcy court erroneously did not allow the thirty days for objections from the December 23, 2013 filing by the trustee but instead entered the final decree in a mere **four days.**  (ER Vol. 2, tab 55 pages 788-789)

In addition, it is inconsistent that the December 23, 2013 filing of a final report was a mere insignificant distribution report since the December 23, 2013 filing consisted of **nine (9)** pages of information for a receiving party to review." (ER Vol. 2, pages 779 thru 787) If this document were so insignificant then it would not contain so much information as that would serve no purpose.

As previously indicated in this brief, on July 7, 2013,  Appellee Andrea Wirum filed what she labeled as "Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object" (ER Vol. 2, tab 43 pages 538 thru 543)  This could **not** be the final report triggering the thirty day mandated time to object since it did

not even contain the language that "final report and final account and has certified that the estate has been fully administered" as contained in the express language of Federal Rules of Bankruptcy Procedure Rule 5009(a).

In addition, the Notice of the Trustee from the July 7, 2013 indicates a 21 day time to object which would directly be contradictory to the thirty (30) day language of Federal Rules of Bankruptcy Procedure Rule 5009(a).

Accordingly, it is respectfully asserted that the Final Decree entered on December 27, 2013 should be reversed since their was never an allotted thirty (30) days to allow the United States Trustee or an Interested Party i.e. Monica Hujazi to object. (ER Vol. 2, tab 55 pages 788-789)

The Bankruptcy Court **erred** in finding that the December 23, 2013 filing by the Trustee was merely a distribution report which did not allow for the filing of objections.

## VII.
### NOTWITHSTANDING THE ERRONEOUS ENTRY OF THE FINAL DECREE, THE BANKRUPTCY COURT COMMITTED REVERSIBLE ERROR BY OVERRULING THE OBJECTIONS TO THE TRUSTEE'S REPORT INCLUDING THE FEES AND CLAIMS APPROVED.

As previously indicated in this brief, on July 7, 2013, Appellee Andrea Wirum filed what she labeled as "Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object"

(ER Vol. 2, tab 43 pages 538 thru 543)   Objections to this Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object were filed  on July 25, 2013 and the standing of the objectioner was questioned by the court during the hearing and responded to that at minimum Monica Hujazi as the beneficiary of the Zuercher Trust would have standing as an Interested Party.   (ER Vol. 2, tab 46 pages 555 thru 560; ER Vol. 2 tab 62 pg. 847 lines 5 thru 10)

The Bankruptcy Court overruled the objections and issued an order entered on August 2, 2013 which adopted the tentative ruling which confirmed the allowance of the fees of professionals including Trustee's counsel.    (ER Vol. 2, tab 50 pages 768 thru 772; ER Vol. 2, tab 52 page 775-776)

Appellant Monica Hujazi as interested party asserts that the objections were erroneously overruled by the Bankruptcy Court. (ER Vol. 2, tab 50 pages 768 thru 772; ER Vol. 2, tab 52 page 775-776)

///

///

The objections as based on the Notice of the Trustee filed on July 1, 2013 and her accompanying Final Report filed June 28, 2013. (ER Vol. 2, tab 41 pages 490 thru 500; ER Vol. 2, tab 43 pages 538 thru 543) :

## OBJECTION NO. 1: CLAIMS OF SECURED CREDITORS TO BE PAID AS FOLLOWS:

### A.    Pay Off 1/ABRA Management, Inc.:

Application of trustee pg. 3 of December 23, 2013 indicates that the scheduled payoff for ABRA was a loan of $325,000.00.  (ER Vol. 2, tab 54 page 781)  There was no explanation in the July 1, 2013 Trustees Notice as to why ABRA had to allegedly advance a sum for a priority receiver nor did the trustee indicate whether investigation was performed whether such advance was lawful under the Deed of Trust which appears to have led to the increased payment to ABRA of $506,017.06.  (ER Vol. 2, tab 43 page 539)

### B.    Pay Off 2/207 North Oxford Ave Tenants Assoc.:

Trustee did not give explanation as to what this amount emanates from other than a reference to judgment liens. At minimum, the Trustee should have provided in her application the court and case numbers which she claims these judgment liens came out of.  Without this information, there would be no basis that the court could know whether the correct amounts were paid or whether there were offsets, partial satisfactions of judgment, and other related issues.

-10-

In addition, Trustee also did not give any explanation as to what efforts were made to reduce this amount. Often times, judgment creditors will negotiate their judgment in order to encourage a quick resolution and payment. In addition, if this payment was for attorney fees, then no explanation had been given as to whether other payments where made from other sources.

### C. Pay Off 3/Dadson Washer Service, Inc.:

Trustee did not give explanation as to what this amount emanates from other than maybe a reference to judgment liens. At minimum, the Trustee should have provided in her application, the court and case numbers which she claims these judgment liens came out of. Without this information, there would be no basis that the court could know whether the correct amounts were paid or whether there were offsets, partial satisfactions of judgment, and other related issues.

In addition, Trustee also did not give any explanation as to what efforts were made to reduce this amount. Often times, judgment creditors will negotiate their judgment in order to encourage a quick resolution and payment.

### D. Pay Off 4/California State Elevator Co.:

Trustee did not give explanation as to what this amount emanates from other than maybe a reference to judgment liens. At minimum, the Trustee should have provided in her application, the court and case numbers which she claims these judgment liens came out of. Without this information, there would be no basis that the court could know

-11-

whether the correct amounts were paid or whether there were offsets, partial satisfactions of judgment, and other related issues.

In addition, Trustee also did not give any explanation as to what efforts were made to reduce this amount. Often times, judgment creditors will negotiate their judgment in order to encourage a quick resolution and payment.

## OBJECTION NO. 2: APPLICATIONS FOR CHAPTER 7 FEES AND ADMINISTRATIVE EXPENSES HAVE BEEN FILED AS FOLLOWS SECTION

### A.    Trustee, Fees and expenses-Andrea Wirum Ch 7 Trustee:

It is respectfully asserted that the fees generated by the trustee were excessive and are based on this being a single asset case. The fees of $55,863.09 are excessive on their face for essentially selling one property including the fact that a real estate agent was involved. (ER Vol. 2, tab 41 pages 490 thru 491) Although 11 USC 326(a) does indicate a percentage formula for determining a trustee's fees, the language of the statute indicates that the court "may" allow reasonable compensation not to exceed the formula. Accordingly, 11 USC 326(a) does not appear to allow a blanket allowance of the percentage fees but merely a statutory cap. In this instance, it appears that these fees are excessive since the work of the trustee for selling a property are minimal when utilizing the services of a real estate broker/agent. (ER Vol. 2, tab 41 page 493- commissions of $117,500.00)

The combination of the alleged requested fees for the trustee, the attorney for the trustee, and the broker fees amounts to a combined total of approx. **$250,455.59**. (ER Vol. 2, tab 41 pages 490 thru 500) In other words, the professionals were erroneously approved for charging a quarter of a million dollars for essentially the sale of one asset i.e. the building. (ER Vol. 2 tab 53 pgs. 777 thru 778)

In addition, a review of the alleged times sheets of the trustee revealed that she would just clump together multiple alleged tasks without any break out. (ER Vol. 2, tab 42 pages 516 thru 537) It is respectfully requested that as a guideline, the description of "clumping" used by the United States Bankruptcy Court, Northern District of California's <u>Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees</u>'s description of "clumping." These compensation guidelines state as no. 14:

> "Clumping– If a number of separate tasks are performed on a single day, the fee application should disclose the time spent for each such task (i.e., no "grouping" or "clumping")."

/ / /
/ / /

-13-

At the hearing, Appellant's counsel pointed out to the court that based on the time submitted and the amount paid that the hourly rate for the Trustee came to **$660.00 per hour**. The following dialogue occurred at the August 1, 2013 hearing:

> "MR. KASS; And then I just – you know, what I did was I took the total amount that she's requesting divided by the total hours, so that comes to $660 an hour, roughly. That's a substantial amount of hourly earnings for a trustee in this kind of case where the broker made over a hundred thousand. Mr. Maher –
>
> THE COURT: For every one case she gets like this one, she gets probably 50 for which she gets a whopping 20 bucks or something, so I'm not going to begrudge her a case in which she actually earns her fees..." (ER Vol. 2 tab 62 pages 849 thru 850)

### B.   Attorney for trustee, Fees and expenses - McKenna Long & Aldridge LLP:

The Bankruptcy Court erroneously approved the application by Trustee for the total fees for attorneys as being $77,092.50. (ER Vol. 2 Tab 43 pg. 539)

It is respectfully asserted that this fee being part of the approx. quarter of a million in professional fees is unreasonable. It does not appear that the Bankruptcy Court took into consideration the excessive nature of such fees on their face in a chapter 7 case in which there was a sale of one property. (ER Vol. 2 tab 50 pgs. 768 thru 772; (ER Vol. 2 tab 52 pgs. 775 thru 776;)

-14-

### C.     Other Fees: Coldwell Banker/Golden Sheild Mortgage:

Trustee provides no explanation for this substantial fee nor does trustee appear to provide any indication of efforts made to obtain a qualified broker at the lowest fee possible.  At minimum, the Trustee should have been required to put in her application how this substantial amount of $117,500.00 was arrived at. (ER Vol. 2 tab 42 pgs. 501 thru 514; ER Vol. 2 tab 43 pg. 540)

## GROUNDS FOR OBJECTION:

## OBJECTION NO. 3: TIMELY ALLOWED GENERAL (UNSECURED) CLAIMS ARE AS FOLLOWS:

### A.     Claim No. 4 / Los Angeles Department of Public Health - Environm:

No explanation appears to have been provided by trustee for this item for $3,598.44. Therefore, approval should not have been granted. (ER Vol. 2 Tab 43 pg. 541)

### B.     Claim No. 5 / City of Los Angeles:

No explanation appears to have been provided by trustee for this item for $28,818.60.  (ER Vol. 2 Tab 43 pgs. 540-541)(Claims nos. 2 and 3 of Trustee's Notice) Therefore, approval should not have been granted. (ER Vol. 2 Tab 43 pgs. 540-541)

///

///

## VIII.
### EVEN IF APPLICANTS WERE ENTITLED TO ANY FEES, THE AWARDED AMOUNT OF TOTAL FEES FOR ATTORNEYS AS BEING $77,092.50 AND TRUSTEE FEES OF $55,863.09 ARE UNCONSCIONABLE; ALSO APPLICANTS HAD FAILED TO MEET THEIR BURDEN OF ESTABLISHING THE REASONABLENESS OF THE REQUESTED FEES AS MANDATED BY 11 USC SEC. 330(A)(1)(A), 11 USC SEC. 330(A)(3)(4) AND REQUIRED BY THE UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS AND TRUSTEES.

Applicants in their moving papers, are requesting trustee fees and attorney fees in the amount of $55,863.09 and $77,092.50.

The express language of 11 USC Sec. 330(a)(1)(A) and 11 USC Sec. 330(a)(3) limits fees to a reasonable standard.  In mandating these requirements 11 USC Sec. 330(a) states in pertinent part:

"(a)

(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

-16-

(B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)
(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

-17-

(I) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case..."

It is respectfully asserted that the billings of both the trustee and her attorneys reveal amounts of excessive time spent, wasted alleged services and a general total disregard for the requirements of professionals obligations to exercise reasonable billing judgment. (ER Vol. 2 Tab 43 pg. 539)

The case of <u>Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.</u> (9th Cir. 1991) 924 F2d 955 in affirming a trial court's substantial reduction of requested attorney fees states in pertinent part:

"...To receive all of his requested fees, Uziel still needed to demonstrate that his work was necessary and reasonable...."

Unsecured Creditors' Committee goes on further in pertinent part:

"...Indeed, the bankruptcy court found that Uziel's application was difficult to interpret. "Because the application contains numerous entries which lumped together services relating to varying matters, the court is unable to delineate the specific times spent on specific tasks." While Uziel submitted a comprehensive statement, it is difficult to sort out the work performed on the three categories for which he seeks compensation. Uziel thus failed to supply the bankruptcy court with a sufficiently detailed application..."

-18-

The case of <u>In Re Strand</u> (9th Cir. 2004) 375 F3d 854 in

discussing the affirmance of a substantial reduction of fees by a

bankruptcy court states:

> "3. Potential Benefit
>
> Leichty's final argument is that his IRS litigation decisions were supported by sound analysis and bankruptcy policy, and thus the bankruptcy court's characterization of the potential recovery as "modest" and the resulting cut in fees was an abuse of discretion. In determining a reasonable fee allowance, 11 U.S.C. § 330 clearly states that "the court shall not allow compensation for ... services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A). As exemplified by the bankruptcy court, a determination of a reasonable fee allowance under § 330 is achieved by answering the following five questions:
>
> First, were the services authorized? Second, were the services necessary or beneficial to the administration of the estate at the time they were rendered? Third, are the services adequately documented? Fourth, are the fees requested reasonable, taking into consideration the factors set forth in § 330(a)(3)? Finally, [did] the professional exercise[ ] reasonable billing judgment[?]"

In addition the In Re Strand <u>supra</u> court in discussing excessive

litigation states:

> "The bankruptcy court's characterization of the potential benefit of the IRS litigation as "modest" was a fair and proper assessment. If Leichty had prevailed in the IRS litigation, the most the estate could have recovered was $28,459, the amount of the attempted offset.

-19-

> Leichty's requested compensation relating to
> the IRS litigation was $19,065. This left just
> over $9,000 for the estate. The money would
> have then been redistributed between the IRS
> and the California Employment Development
> Department ("the EDD"), the only other
> priority creditor. The potential benefit to the
> estate was further minimized because the
> EDD's debt was nondischargeable in Chapter
> 7, and thus it could have pursued the debt
> even after the end of the Chapter 7
> proceeding. Therefore, assuming the
> recovered money would have been split
> evenly between the IRS and the EDD, Leichty
> spent $19,065 for the potential benefit to the
> estate of recovering approximately $4,500 in
> nondischargeable debt for the EDD."

The excessive nature of the alleged services indicate that the

benefit to the estate is nominal since the case essentially consisted of

the sale of one real property.

The case of <u>In Re Garcia</u> (9th Cir. BAP 2005) 335 BR 717 in

affirming the denial of any attorney fees relating to the sale of a

property states in pertinent part:

> "Under the facts of this case the Bankruptcy
> Court did not err in refusing to compensate
> counsel for work in connection with the sale
> of the San Marcos Property.

> Appellant expended 29.7 hours and requested
> $5,676 for sale related services. Garcia at 820.
> In denying all fees, the court summarized the
> firm's legal services as: "reviewing the listing
> agreement; communicating with the broker;
> negotiating with debtors' attorney regarding
> the sale of equity to the debtors; reviewing the
> title report; and preparing the stipulation and
> mutual releases between the debtors and the
> trustee." Id.

The court noted "[t]here is also no satisfactory explanation as to why both Gary E. Slater and his paralegal needed to review the listing agreement and no description regarding the legal analysis of the issues involved." Id. at 820-21. Absent this detail, the court was not in a position to determine whether the fees incurred were compensable as legal services. This finding is not an abuse of discretion. Again, a case trustee may only employ professionals for tasks that require special expertise beyond that expected of an ordinary trustee. In re Jenkins, 188 B.R. at 420. Routine negotiations regarding sale of real property are properly within the trustee's province. See In re McKenna, id. at 242. Also see In re Castro, 320 B.R. 690, 696 (Bankr.S.D.Cal.2005).

Appellant is ultimately responsible for its own actions. In re Strand, 375 F.3d at 859. The court must take into consideration whether the professional exercised reasonable billing judgment. Mednet, 251 B.R. at 108, Puget Sound Plywood, 924 F.2d at 958. (observing that a bankruptcy professional is not free "to run up a tab without considering the maximum probable recovery").

Employment of counsel to assist in the sale did not give counsel free rein to step into the trustee's shoes and undertake efforts statutorily assigned to the trustee.[6] Simply put, the court cannot compensate an attorney for performing the statutory duties of a trustee. In re Castro, 320 B.R. at 696.

The bankruptcy court also denied fees for the Firm's review of the title report, noting:

[T]he only explanation offered by the firm is that its "preliminary assessment indicated that the property might be subject to a `wild' deed of trust." Supp. Br. 5:22:25. The firm, however, provides no additional facts regarding the so-called wild deed. Further, no

-21-

> sale of the property ever took place and the
> debtors simply bought the equity. With no
> apparent legal issues present, reviewing the
> title report is part of the trustee's duties.
> McKenna, 93 B.R. at 241 (citation omitted).
> Id. at 821-22.

> The bankruptcy court's decision in this regard
> is not an abuse of discretion. See In re
> McKenna 93 B.R. at 242 (reviewing title
> reports generally a duty of the trustee)."

The trustee who has also applied for excessive fees should be bound to have performed at least minimum activities for the benefit of the estate rather then her attorneys.

### IX.
### CONCLUSION

It is respectfully asserted that issuance of the Final Decree which was entered on December 27, 2013 should be reversed. In addition, it is respectfully asserted that approval of the excessive payments were also erroneous as indicated in this brief and should be reversed.

Dated: September 29, 2014

Respectfully submitted,
KASS & KASS LAW OFFICES
/S/
_____
BRADLEY KASS ESQ.
Attorney for Appellant

## CERTIFICATION REQUIRED BY BAP RULE 8010(a)-1(b)

[BAP NO. NC-14-1030, Debtor North Oxford Bright Horizons Group]

Appellant certifies that the following parties have or may have an interest in the outcome of this appeal.

North Oxford Bright Horizons Group

The Zuercher Trust of 1999

Andrea Wirum, trustee

Peter Kravitz, Trustee

ABRA Management, Inc.

Monica Hujazi

Fed Ex

City of Los Angeles

Dadson Washer Service, Inc.

Coldwell Banker/Golden Shield Mortgage

California State Elevator Company, Inc.

207 North Oxford Avenue Tenants' Association

International Sureties, LTD

West Coast Escrow

McKenna, Long, Aldridge, LLP

The Bank of New York Mellon

Rabobank, N. A.

///

Dated: September 29, 2014     KASS & KASS LAW OFFICES

/S/
BRADLEY KASS, ESQ.
Attorney for Appellant

## <u>CERTIFICATION OF RELATED CASES</u>

Appellant knows of no related cases other than the appeal captioned above.

Dated: September 29, 2014          KASS & KASS LAW OFFICES

                              /S/
                           BRADLEY KASS, ESQ.
                           Attorney for Appellant

## PROOF OF SERVICE

I hereby certify that on September 29, 2014, I electronically filed the foregoing document with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system.

I certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system.

Dated: September 29, 2014

_____/S/_____
BRADLEY KASS, ESQ.