# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: NORTH OXFORD BRIGHT HORIZONS GROUP,<br><br>         Debtor. | BAP No. NC-14-1030 |
| MONICA HUJAZI,<br><br>         Appellant,<br><br>ANDREA A. WIRUM, Chapter 7 Trustee,<br><br>         Appellee. | Bankr. No. 11-33749<br>Chapter 7 |

## ANSWERING BRIEF

Charles P. Maher, State Bar No. 124748
MCKENNA LONG & ALDRIDGE LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California  94105
Telephone No.: 415.267.4000
Fax No.: 415.267.4198
E-mail:  cmaher@mckennalong.com

Counsel for Andrea A. Wirum
Former Chapter 7 Trustee

USW 804703155.2

## CERTIFICATION REQUIRED BY BAP RULE 8010(a)-(1)(b)

The undersigned certifies that other than the former Trustee of the North Oxford Bright Horizon, LLC, estate and her professionals no other parties have an interest in the outcome of this appeal.

Dated: October 21, 2014         /s/ Charles P. Maher
                                Charles P. Maher
                                Former Counsel for Former Trustee
                                Andrea A. Wirum

## CERTIFICATION REQUIRED BY BAP RULE 8010(a)-(1)(c)

The undersigned certifies that there are no known related cases or appeals.

Dated: October 21, 2014         /s/ Charles P. Maher
                                Charles P. Maher
                                Former Counsel for Former Trustee
                                Andrea A. Wirum

## TABLE OF CONTENTS

I. STATEMENT OF JURISDICTION ..........................................................1

II. STANDARD OF REVIEW ......................................................................1

III. STATEMENT OF ISSUES .......................................................................1

IV. STATEMENT OF THE CASE ..................................................................2

V. STATEMENT OF FACTS ........................................................................2

VI. ARGUMENT.............................................................................................5

    A. The Appellant Has No Standing to Appeal ........................................5

    B. Bankruptcy Rule 5009(a) Does Not Apply to Distribution Reports .................................................................................5

    C. Collateral Attacks on Final Orders ......................................................8

    D. Appellant's Appeal is Frivolous..........................................................9

VII. CONCLUSION ....................................................................................... 10

# TABLE OF CASES AND AUTHORITIES

9 *Collier on Bankruptcy*, ¶ 5009.01[1][a] (16th Ed. 2013) ....................................... 6

*In re Fondiller*, 707 F. 2d 441 (9th Cir. 1983) ...................................................... 1, 5

*In re Korvettes, Inc.*, 67 B.R. 730, 732 (S.D.N.Y. 1986) ................................... 1, 6

*In re Koza*, 375 B.R. 711, 717 (1st Cir. BAP 2007) ................................................. 6

*Rubenstein v. Ball Bros., Inc. (In re New England Fish Co.)*, 749 F. 2d 1277 (9th Cir. 1984) ........................................................................................................ 1

11 U.S.C. § 326(a) ................................................................................................... 9

11 U.S.C. § 704 ........................................................................................................ 8

F.R.B.P. 5009 ..................................................................................................... 1, 8

F.R.B.P. 5009(a) ..................................................................... 1, 2, 5, 6, 7, 8, 10

F.R.B.P. 8002 ........................................................................................................... 2

F.R.B.P. 8013 ........................................................................................................... 1

USW 804703155.2

I.  STATEMENT OF JURISDICTION

The Appellant, Monica Hujazi, appeals a Final Decree entered in the bankruptcy case of In re North Oxford Bright Horizons, LLC, Case No. 11-33749 HLB. The Appellant lacks standing to prosecute the appeal. The Debtor North Oxford Bright Horizons, LLC, is a limited liability company. The sole member of the Debtor is The Zuercher Trust of 1999 which itself is in a Chapter 11 case (Case No. 12-32747), that is being administered by a Chapter 11 trustee. As the Bankruptcy Court pointed out on August 1, 2013, the Appellant lacks standing to take any position on behalf of The Zuercher Trust, the sole member of the Debtor. The Appellant is not a person aggrieved under applicable Ninth Circuit authority and has no standing to appeal. *In re Fondiller*, 707 F. 2d 441, 443 (9th Cir. 1983).

"[U]nder Section 350 [11 U.S.C. § 350] and Rule 5009 [of the Federal Rules of Bankruptcy Procedure], the final act of administration could very well be a purely ministerial act … ." *In re Korvettes, Inc.*, 67 B.R. 730, 732 (S.D.N.Y. 1986).

Appellee contends that the Bankruptcy Appellate Panel does not have jurisdiction to consider the appeal because the Final Decree is not an appealable order. The Appellant has not established otherwise.

II. STANDARD OF REVIEW

The Bankruptcy Appellate Panel reviews Bankruptcy Court findings of fact under a clearly erroneous standard and its conclusions of law *de novo*. Federal Rule of Bankruptcy Procedure 8013; *Rubenstein v. Ball Bros., Inc. (In re New England Fish Co.)*, 749 F. 2d 1277 (9th Cir. 1984). Standing is a legal question and is reviewed *de novo*.

III. STATEMENT OF ISSUES

1.  Is a Final Decree in a Chapter 7 case an appealable order or judgment?
2.  Does Rule 5009(a) of the Federal Rules of Bankruptcy Procedure apply to reports of completed distributions in a Chapter 7 case?

1

    3.    Does the 14-day period established by Rule 8002 of the Federal Rules of Bankruptcy Procedure have no meaning?

    4.    Is the Appellant's appeal frivolous?

## IV.    STATEMENT OF THE CASE

The orders the Appellant seeks to overturn are final orders that neither she nor anyone else appealed. They are no longer subject to review. The Appellant mischaracterizes the Trustee's report of distribution filed on December 23, 2013, as a final report within the meaning of Rule 5009(a) of the Federal Rules of Bankruptcy Procedure and contends that the Final Decree entered by the Bankruptcy Court on December 27, 2013, was premature because 30 days had not passed since the report of distribution was filed. The Appellant offers no legal authority to support her position.

Rule 5009(a) pertains to the final report filed by the Trustee on June 28, 2013, notice of which was served on all parties in interest, including the Appellant. The Appellant filed an objection to the final report and the applications for compensation of the Trustee and her professionals. The Appellant's objection was overruled by Court orders. The Appellant did not appeal any of the orders and they all became final.

Without providing any authority, the Appellant implies that (a) the Final Decree is an appealable order and (b) by operation of law the filing of a Final Decree turns final orders into interim orders that can be appealed.

## V.    STATEMENT OF FACTS

On October 13, 2011, the Appellant as trustee of The Zuercher Trust, executed a grant deed to convey the real property commonly known as 207 North Oxford Avenue, Los Angeles, California (the "Property") to the Debtor for no consideration. The grant deed was recorded on October 17, 2011. Appellee's Appendix ("AA") AA0027-0028. The Appellant caused a skeleton Chapter 13 petition to be filed on behalf of the Debtor on October 17, 2011. AA0028. On the same day, the Appellant

2

caused an amended petition to be filed under Chapter 7. AA0028. As the docket shows, the Debtor did not file its schedules or statement of financial affairs for almost nine months. AA0001-0009.

Activity in the case started with a motion for relief from stay by a secured creditor who was on the eve of a foreclosure when the Appellant caused the bankruptcy petition to be filed. AA0035-0039. One creditor in a junior secured position also filed opposition. AA0041-0043. That creditor's lien was a judgment lien on the Property. AA0042.

The Trustee marketed the Property for sale and entered into a contract which she proposed for Court approval. AA0045. The secured creditor agreed to continue its relief from stay motion pending the sale. AA0005.

The Zuercher Trust filed opposition to the sale motion, including a declaration of the Appellant. AA0048-0058. The Trustee filed a reply. AA0060-0174. At the hearing, the Bankruptcy Court authorized the Trustee to sell the Property for $2 million or more but required the Trustee to serve The Zuercher Trust with a notice of her intent to enter to a specific contract to give The Zuercher Trust and the Appellant an opportunity to object to the sale. AA0176-0177. The Trustee did so on April 12, 2012. AA0222. The Trustee requested entry of an order authorizing the sale on April 13, 2012. AA0219-0227. The Bankruptcy Court entered the order on April 23, 2012. AA0228-0229. Neither the Appellant nor anyone else appealed the sale order. AA0008-0009.

When the sale of the Property closed, it was apparent that the case was a surplus case. By agreement with the Debtor, which was under the Appellant's control and the agreement and active participation of the Appellant herself, and on notice to creditors, the Trustee obtained an order authorizing a distribution of surplus funds to the Debtor. AA0230-0256.

3

The Debtor finally filed its schedules and statement of financial affairs on June 4, 2012; it filed an amended statement of financial affairs on June 7, 2012. AA0009.

Counsel for the Trustee filed an application for compensation on June 28, 2012. AA0011. No objection was filed (AA0011) and the Court entered an order approving the application. AA0011. No appeal was taken. AA0011.

The Trustee filed her report of sale of the Property on September 11, 2012. AA0011, 0257. The docket reflects that no complaints about the report of sale were filed at the time. AA0011-0013.

On November 9, 2012, counsel for the Trustee filed its second application for interim compensation. AA0012. No objection was filed. AA0012. The Court entered an order approving the application. AA0012. No appeal was taken. AA0012-0013.

On November 29, 2012, the Trustee served notice of her agreement with the Housing Department of the City of Los Angeles regarding its assessments against the Debtor and its claim in the Bankruptcy case. AA0012. The Appellant and The Zuercher Trust did not file an objection. AA0012-0013. The Court signed an order authorizing the Trustee to enter into the agreement. AA0013. There was no appeal. AA0013.

On February 7, 2013, the Chapter 11 trustee in The Zuercher Trust Chapter 11 case filed a request for notice in the Debtor's case. AA0262.

On February 13, 2013, counsel for the Trustee filed its third and final application for compensation in the case. AA0013.

The Trustee submitted her final report and application for compensation to the United States Trustee. On June 28, 2013, the final report and the Trustee's application for compensation were filed with the Bankruptcy Court, AA0264-0274. Notice of the hearing was served on July 1, 2013 [AA0275-0282], and the hearing was scheduled for August 1, 2013. AA0281.

4

On behalf of the Debtor, attorney Bradley Kass filed an objection in which he raised many of the same objections he now raises on appeal. AA0283-0288. The Trustee filed documents in reply. AA0019-0218. The Bankruptcy Court issued a tentative ruling. AA0289-0292. A hearing was held on August 1, 2013. AA0293. The Bankruptcy Court adopted its tentative ruling as final. AA0293-0294. On August 1 and August 5, 2014, the Court signed orders granting final compensation in the case. AA0293-0296. The docket reflects that no appeal was taken. AA0015-0016. The Trustee filed her distribution report on December 23, 2013. AA0015-0016.

VI. ARGUMENT

A. The Appellant Has No Standing to Appeal

The Appellant is not a person aggrieved in this case and does not have standing to appeal any order. Any interest she may have is derivative of The Zuercher Trust of 1999 which is in its own Chapter 11 case with a Chapter 11 trustee as its fiduciary. The Appellant has not shown that The Zuercher estate is solvent or that there is any possibility that it will become a surplus case, thereby potentially giving her economic standing in this case.

The Panel should find that Ms. Hujazi has no standing to prosecute any appeal from the Debtor's case under *In re Fondiller*, 707 F. 2d 441, 442 (9th Cir. 1983).

B. Bankruptcy Rule 5009(a) Does Not Apply to Distribution Reports

Rule 5009(a) reads as follows:

> **Cases under Chapters 7, 12, and 13.** If in a Chapter 7, Chapter 12, or Chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States Trustee or a party in interest, there shall be a presumption that the estate has been fully administered.

The Appellant argues that the Trustee's final report was not the document entitled "Trustee's Final Report" filed on June 28, 2013, before property of the estate

5

was distributed, but the after-the-fact report of distribution filed by the Trustee after all distributions had been made. The Appellant cites no authority for this proposition. Second, it is completely illogical. No purpose would be served by permitting a party to file an objection to distributions that have already been completed. The filing of the final report described in Rule 5009(a) and the companion notice to creditors signals that the Trustee's work is over and that money will soon be distributed. The distribution report shows that the property of the estate was in fact distributed and to whom. The filing of the distribution report is a ministerial act. *In re Korvettes, Inc.*, 67 B.R. 730, 732 (S.D.N.Y. 1986) ("moreover, under Section 350 and Rule 5009, the final act of administration could very well be a purely ministerial act of which the debtor and other parties would receive no notice").

> Although the closing of the case is entered on the docket sheet and has specified legal effects, notice of the closing is not required under the rule and, generally, official notice is not given to any party. 9 *Collier on Bankruptcy*, ¶ 5009.01[1][a] (16th Ed. 2013).

As *Collier on Bankruptcy* makes clear, prior to the closing of a case, the United States Trustee is charged with filing the proposed final report of the Chapter 7 trustee with the Clerk. 9 *Collier on Bankruptcy*, ¶ 5009.01[1][a] (16th Ed. 2013).

> When the trustee files the final report, the U.S. Trustee and other parties in interest have 30 days to object to the report. Fed. R. Bankr. P. 5009; Lawrence P. King, Collier on Bankruptcy, ¶ 5009.01 (15th Ed. Rev. 2006) (A court does not become involved in reviewing the final report unless objections are raised, since under 28 U.S.C. § 586, the U.S. Trustee is charged with reviewing a trustee's final report and certifying to the clerk that the estate has been fully administered). If no objection is filed, Rule 5009 provides that the estate is "presumed to have been fully administered" and "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Therefore, upon the closing of the case *without objection* there is nothing pending before the Bankruptcy Court.

*In re Koza*, 375 B.R. 711, 717 (1st Cir. BAP 2007).

When there is no objection to a final report, all that is "left for the Bankruptcy Court to do [is] to ministerially enter its order closing the case." 375 B.R. at 718.

6

The Trustee's Final Report was filed with the Clerk on June 28, 2013, and notice was served by the Clerk on all parties in interest on July 1, 2013. The hearing on the final report was scheduled for 31 days later, on August 1, 2013. Not only did the Appellant have an opportunity to object, she did object as if she were the debtor in the case [AA0283-0288], raising many of the identical substantive issues raised in this appeal.

The Bankruptcy Court issued a tentative ruling in advance of the hearing on the final report [AA0289-0292] indicating its tentative decision to overrule the Appellant's objections and approve the final report and the applications for compensation by the Trustee and her professionals as filed. In the tentative ruling and at the hearing the Bankruptcy Court explained that the Appellant did not have standing to take the positions she was taking in light of The Zuercher Trust Chapter 11 case and the appointment of a Chapter 11 trustee to oversee it. The Bankruptcy Court also overruled the objections for lack of merit.

The Appellant did not appeal the orders authorizing compensation and expense reimbursement. They became final 14 days after entry on the docket. The Trustee proceeded to make her distributions as proposed in the final report and, when distributions were completed and all the money had been disbursed, including the distribution of surplus of approximately $258,000 to The Zuercher Chapter 11 trustee, the Trustee filed her final distribution report and the Clerk filed a Final Decree.

The entry of the Final Decree was a ministerial act. The Appellant argues that the final distribution report was a substantive document and that the Court deliberated over it before the Final Decree was entered. The Appellant has provided no facts to support this assertion and no law to support her interpretation of Rule 5009(a). She also makes flatly wrong assertions that the real Trustee's Final Report filed on June 28, 2013, "could not be the final report triggering the 30-day mandated time to object since it did not even contain the language that 'final report and final account' and has

7

certified that the estate has been fully administered." In the final report filed on June 28, 2013, the Trustee represented that she had fulfilled all of her duties under 11 U.S.C. § 704 and invoked Rule 5009. AA0264-0265.

Rule 5009 does not apply to final distribution reports and the 30-day notice requirement in the rule is irrelevant to the entry of a Final Decree.

The Appellant has not cited a single case to support her position that the distribution report was anything other than a ministerial act filed to reflect distributions made, or that Rule 5009(a) applies to it. The Appellant has not demonstrated any error by the Bankruptcy Court in its finding that the distribution report was just that, a distribution report not covered by Rule 5009(a).

C. Collateral Attacks on Final Orders

The Appellant argues that the Bankruptcy Court committed reversible error by overruling her objections to the Trustee's final report, compensation requests of the Trustee and her professionals, and allowance of claims. The orders overruling the Appellant's objections were entered on August 1 and 5, 2013. As the docket shows, no appeal was taken at any time, let alone within the 14-day period provided by Rule 8002 of the Federal Rules of Bankruptcy Procedure. She does not address this failure in her brief. These orders are final orders that are not subject to attack on any basis. The Appellant has provided no authority to support what Appellee believes is a frivolous position that final orders are subject to attack on appeal after expiration of the 14-day period under Rule 8002.

The Appellant makes a number of assumptions that are false and then criticizes the Trustee for not operating consistently with those assumptions. For example, the Appellant contends the Trustee was obligated to include in a notice provided by the Clerk an explanation about a particular prepetition transaction by a secured creditor. There is no authority for the proposition that a notice to creditors of the Trustee's Final Report need contain explanations of every single transaction involved in every

8

single claim in a bankruptcy case. Furthermore, the Appellant fails to acknowledge that she failed to file the schedules and statement of financial affairs for almost nine months and gave absolutely no help to the Trustee in analyzing claims. The Trustee did that on her own.

Similarly, the Appellant criticizes the Trustee for paying the full amount of secured claims from escrow on sale of the Property. Three junior liens encumbered the Property, two of which the Appellant herself indicated were undisputed after the sale closed and after she had been sent a copy of the closing statement.

The Appellant attacks fee requests approved by final order. Other than mere citation to Section 326(a), the Appellant cites no authority to support the assumption that orders granting final compensation can be attacked after they become final. The Appellant already attacked the applications for fees and expenses of the Trustee and her professionals. Her objection was overruled by final order. She did not appeal. It is not possible for her revive those objections through an untimely appeal.

The Appellant attacks allowance of claims on the grounds that the Trustee has not explained them to all creditors. There is no authority for this proposition. Appellant cites none.

D.    Appellant's Appeal is Frivolous

If the Panel dismisses the appeal for any of the reasons argued above, it is likely the Trustee will file a motion for determination that the appeal was frivolous and that sanctions should be awarded to the Trustee under Rule 38.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9

VII.  CONCLUSION

The Appellant lacks standing to prosecute the appeal.  A Final Decree is not an appealable order.  The report of distribution was simply a report of distribution not covered by Rule 5009(a).  The orders overruling objections and approving compensation were not appealed.  They became final orders and are not appealable.

DATED:  October 21, 2014    MCKENNA LONG & ALDRIDGE LLP


By:  /s/  Charles P. Maher
      Charles P. Maher
      Former Counsel for Former Trustee
      Andrea A. Wirum

USW 804703155.2

## **CERTIFICATE OF SERVICE**

I, Nelly M. Quintanilla, declare:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my business address is McKenna Long & Aldridge LLP, One Market Plaza, Spear Tower, 24th Floor, San Francisco, California 94105.

On the date of execution hereof, at my place of business, I served true and correct copies of the following:

**Answering Brief**

on the parties listed below:

☒ **BY MAIL**: By placing a true copy in an envelope addressed as shown to the parties below. I am familiar with McKenna Long & Aldridge LLP's practice whereby each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day the mail is collected and deposited in a United States postal mailbox at or before the close of business each day.

Bradley Kass, Esq.
Kass & Kass Law Offices
520 South El Camino Real, Suite 810
San Mateo, CA  94402

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on October 21, 2014, in San Francisco, California.


　　　　　　　　　　　　　  /s/  Nelly M. Quintanilla
　　　　　　　　　　　　　Nelly M. Quintanilla

USW 804703155.2