BAP No.: NC-14-1030

UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE NINTH CIRCUIT

MONICA HUJAZI,
Appellant,

v.

ANDREA A. WIRUM, CHAPTER 7, TRUSTEE
Appellee

-oOo-

ON APPEAL FROM THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
HONORABLE HANNAH L. BLUMENSTIEL, PRESIDING
Case No.: 11-33749 HLB

-oOo-

## APPELLANTS' REPLY BRIEF

BRADLEY KASS, ESQ. (CBN# 127658)
KASS & KASS LAW OFFICES
520 S. El Camino Real, Ste 810
San Mateo, CA 94402
Phone Number: (650) 579-0612
Fax Number: (650) 579-0760
*kassoffice@sbcglobal.net*
Attorney for Appellant

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................i

TABLE OF AUTHORITIES..........................................................ii

    CASES............................................................................ii

    STATUTES.....................................................................ii

    I.    INTRODUCTION.........................................................1

    II.   AS PRINCIPAL OF THE ZUERCHER ESTATE, MONICA HUJAZI HAS STANDING TO APPEAL SINCE SHE WOULD BE ENTITLED TO ANY SURPLUS OF PROCEEDS FROM THE ZUERCHER BANKRUPTCY................................................................1

    III.  APPELLEE ERRONEOUSLY TRIES TO LIMIT THE FINAL REPORT FILED ON DECEMBER 23, 2013 TO A SELF-SERVING DISTRIBUTION REPORT; WHEN IN FACT THE FILING WAS A FULL BLOWN FINAL REPORT, NOTICE OF FULL ADMINISTRATION, AND APPLICATION TO BE DISCHARGED................................................................4

    IV.  IT IS RESPECTFULLY ASSERTED THAT PURSUANT TO 28 U.S.C. SEC. 158 THE FINAL DECREE OF DECEMBER 27, 2013, TRIGGERED THE RIGHT TO APPEAL FOR FEES AND OTHER MATTERS................................................................6

    V.   CONCLUSION...............................................................6

    PROOF OF SERVICE......................................................8

# TABLE OF AUTHORITIES

## CASES

Valley Forge Christian College v. Americans United for Separation of Church & States, Inc. (1982) 454 US 464,472..................................2

Securities and Exchange Commission v. Wencke (1986) 783 F. 2nd 829..................................................................3

## STATUTES

11 USC Sec. 726(a)..................................................................3

11 USC Sec. 726(a)(6)..............................................................3

11 USC Sec. 1129(a)(7)(A)(ii)....................................................4

28 U.S.C. Sec. 158. ..................................................................6

28 U.S.C. Sec. 158 (d) (1)........................................................6

Federal Rules of Bankruptcy Procedure Rule 5009(a)....................5

# I.
# INTRODUCTION.

Appellant hereby submits her Reply Brief in response to the Appellees Brief of Andrea A. Wirum, Chapter 7 Trustee.

# II.
# AS PRINCIPAL OF THE ZUERCHER ESTATE, MONICA HUJAZI HAS STANDING TO APPEAL SINCE SHE WOULD BE ENTITLED TO ANY SURPLUS OF PROCEEDS FROM THE ZUERCHER BANKRUPTCY.

Appellee on pg. 5 of her brief asserts that Appellant Monica Hujazi does not have standing to appeal. Appellee concedes on pg. 5 of her brief that Monica Hujazi may have a derivative interest in The Zuercher Trust.

In fact, Monica Hujazi has the membership interest in the Zuercher trust and therefore would be entitled to surplus funds from that estate. (ER Vol. 2, tab no. 66 pgs. 882 lines 4 thru 11)

Without any authority cited, Appellee argues on pg. 5 of her brief that Appellant has to show to this Appellate Court the entire proceedings and adjudications of the Zuercher bankruptcy in order to show that there may be surplus funds. Appellee has cited no such authority for such an enormous task and burden, even if it could even be shown. The Zuercher bankruptcy is still active and has extensive litigation, therefore the end results are not known. (Bankruptcy case no. 12-32747)

The United States Supreme Court case of <u>Valley Forge Christian College v. Americans United for Separation of Church & States, Inc.</u>, (1982) 454 US 464,472 in discussing the principles and elements for determining standing states in pertinent part on pg. 472:

> "A recent line of decisions, however, has resolved that ambiguity, at least to the following extent: at an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," Gladstone, Realtors v. Village of Bellwood, 441 U. S. 91, 441 U. S. 99 (1979), and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision," Simon v. Eastern Kentucky Welfare Rights Org.,426 U. S. 26, 426 U. S. 38, 426 U. S. 41 (1976). [Footnote 9]...."

In analogy to this appeal, Appellant Monica Hujazi as the member interest holder of the Zuercher entity would be entitled to any surplus funds from that bankruptcy estate. Therefore the erroneous entry of the final decree at issue in this appeal directly effected her rights to surplus monies out of the Zuercher estate. A favorable decision will bring more monies into the Zuercher estate which will flow directly to her if there are surplus funds at the end of the estate.

///

///

In addition, even non-parties of record may have standing to appeal. The case of <u>Securities and Exchange Commission v. Wencke</u>, (1986) 783 F. 2nd 829, in discussing standing to appeal by non parties of record states in pertinent part:

> "Although persons who were not parties of record before the district court usually may not appeal that court's orders or judgment, we have allowed such persons to bring appeals in cases where: (1) they participated in the district court proceedings, and (2) the equities weigh in favor of hearing the appeal......"

In analogy to this appeal, it is undisputed that the Appellant Monica Hujazi participated in the underlying Motion to Reopen Chapter 7 case and to Set Aside Final Decree. (ER Vol. 2, tab no. 66 pgs. 875 thru 887) In addition, the equities should weigh strongly in favor of hearing the appeal since Monica Hujazi would be the direct percipient of any surplus funds from the Zuercher bankruptcy which would be effected by a successful outcome of this appeal.

11 USC Sec. 726(a) sets forth the order of distribution in a Chapter 7 case and lists debtor at the end of the order. [11 USC Sec. 726(a)(6)] Although this statute applies to Chapter 7 cases, it applies indirectly to reorganization Chapters to the extent that if a reorganization is confirmed , the plan must meet the "best interests of creditors test" which means that a creditor would receive as much

-3-

from a plan as it would in a Chapter 7 liquidation. [11 USC Sec. 1129(a)(7)(A)(ii)]

Accordingly, any surplus funds in the Zuercher bankruptcy would flow to the debtor which means the Appellant Monica Hujazi who holds the membership interest would derive these benefits.

The bankruptcy court acknowledged this at the hearing of August 1, 2013 that the beneficiaries of the trust are the real parties in interest if the estate is solvent. (ER Vol. 2 tab. 62 pg. 146 lines 21 thru 25)

### III.
### APPELLEE ERRONEOUSLY TRIES TO LIMIT THE FINAL REPORT FILED ON DECEMBER 23, 2013 TO A SELF-SERVING DISTRIBUTION REPORT; WHEN IN FACT THE FILING WAS A FULL BLOWN FINAL REPORT, NOTICE OF FULL ADMINISTRATION, AND APPLICATION TO BE DISCHARGED.

The primary assertion by the Appellee is that the filing of December 23, 2014 was nothing more than a distribution report. However, Appellee cites no statutory authority for what the so-called distribution report emanates from. (ER Vol. 2, tab. 54 pages 779 thru 787)

The name of the document itself defeats the assertion by Appellee i.e. "Chapter 7 Trustee's Final Account and Distribution Report Certification that the Estate Has Been Fully Administered and

Application to be Discharged (TDR)" (ER Vol. 2, tab 54, pages 779 thru 787) Appellee cites no authority that parties to a proceeding should be subject to guesswork as to what a document is when the title of it says one thing but the argument is that it means something else. This is what the Appellee is arguing in this appeal and is also what the trial court erroneously adopted i.e. that the December 23, 2013 document was merely a distribution report.

Federal Rules of Bankruptcy Procedure Rule 5009(a) in mandating thirty (30) days to allow for any objections states:

> "(a) Cases Under Chapters 7, 12, and 13. If in a chapter 7, chapter 12, or chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered."

The original filing by the Trustee of "Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object" (ER Vol. 2, tab 43 pages 538 thru 543) did not certify that the estate had been fully administered nor was 30 days notice to object given.

Accordingly, the **only** final report triggering the mandated thirty day (30) window is the one of December 23, 2013.

///

///

### IV.
### IT IS RESPECTFULLY ASSERTED THAT PURSUANT TO 28 U.S.C. SEC. 158, THE FINAL DECREE OF DECEMBER 27, 2013, TRIGGERED THE RIGHT TO APPEAL FOR FEES AND OTHER MATTERS.

Appellee asserts in her brief that the time to appeal fees would have been from the earlier orders of the bankruptcy court and not the decree. However, since the earlier application of the trustee of July 1, 2013, was not the final report and certification, the results would be interim orders and thus not appealable. (ER Vol. 2 tab. 43 pgs. 538 thru 543) 28 U.S.C. Sec. 158 (d) (1) mandates:

> ...(d)
> (1) The courts of appeals shall have jurisdiction of appeals from all **final** decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section...." (Emphasis added)

Appellee cites no authority in her brief that supports her contention that orders relating to fees and objections would have been appealable prior to the entry of a final decree.

### V.
### CONCLUSION

It is respectfully asserted that issuance of the Final Decree which was entered on December 27, 2013 should be reversed.

///

-6-

Respectfully submitted,

Dated: December 10, 2014     KASS & KASS LAW OFFICES

_____/S/_____
BRADLEY KASS ESQ.
Attorney for Appellant

## PROOF OF SERVICE

I hereby certify that on December 10, 2014, I electronically filed the foregoing document with the Clerk of the Court for the Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system.

I certify that all parties of record to this appeal either are registered CM/ECF users, or have registered for electronic notice, or have consented in writing to electronic service, and that service will be accomplished through the CM/ECF system.

Dated: December 10, 2014

                                                  /S/
                                    Carol Kim